**Louis PITOFSKY, Plaintiff,**

v.

**Manuel BRUCKER, Solomon Feldman, Bernard P. Birnbaum, Saul I. Birnbaum, Aaron Katz and Faradyne Electronics Corp., Defendants.**

**No. 64 Civ. 1578.**

United States District Court
S. D. New York.
July 26, 1966.

Louis C. Fieland, New York City, for plaintiff.

Poletti, Freidin, Prashker, Feldman & Gartner, New York City, for defendants.

## MEMORANDUM

TYLER, District Judge.

In May, 1964, plaintiff commenced this action on his own behalf and of those similarly situated to recover damages against defendants for alleged false and fraudulent statements issued by defendant Faradyne Electronics Corp. in a prospectus and registration statement issued in November, 1959. Liability is said to be based upon Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 of the Securities Exchange Commission, 17 C. F.R. Section 240.10b–5.

Plaintiff rests this motion for summary judgment solely upon the findings and opinion of the Securities and Exchange Commission ("SEC") and a stop order based thereon, both filed on March 21, 1962. Thus, the question upon which this motion turns is whether or not summary judgment in a private action for damages for claimed violations of the 1934 Act and Rule 10b–5 can be granted solely on the basis of the administrative findings, opinion and order of the SEC in a separate stop order proceeding pursuant to Section 8(d) of the Securities Act of 1933 (15 U.S.C. § 77h(d)).[1]

It is not necessary to extensively discuss the several grounds on which defendants oppose this motion. Suffice it to say that defendants in their answers have denied and thus placed in issue the material allegations contained in, among others, paragraphs 5, 6 and 7 of plaintiff's complaint. Thus, it can be reasonably contemplated that plaintiff must prove manipulations or deceptive practices by defendants, and in this connection it may be crucial to establish knowledge on the part of the defendants. Moreover, defendants have asserted the defense of laches which they must be given fair opportunity to prove at a plenary trial. See, e. g., Royal Air Properties, Inc. v. Smith, 312 F. 2d 210, 9 Cir.1962.

In a case analogous to this one, Judge Palmieri articulated what I consider to be the dispositive rule here: "* * * an agency determination does not relieve a plaintiff seeking a private remedy of the generally applicable requirement that he prove the elements of his case * * *, nor does it preclude the defendants * * * from attempting to establish their pleaded defenses." Leona Brittin v. Winfield H. Schweickart et al., 60 Civ. 4294, S.D.N.Y.; unreported opinion dated May 2, 1961. It is true that the claim under consideration by Judge Palmieri was posited upon claimed improper manipulations of security prices in violation of Section 9(e) of the 1934 Act

1. It may be noted parenthetically that the March 21, 1962 findings and stop order were based substantially upon a stipulation of facts entered into by the SEC and defendant Faradyne Electronics Corp. —i. e. the individual parties defendant were not signatories to that stipulation.

(15 U.S.C. § 78i(e)), but in my view this is a distinction without a difference from the claim at bar.

Contrary to one of plaintiff's principal arguments on this motion, at least with respect to the circumstances here presented, I find nothing derogatory of Judge Palmieri's reasoning in Professor Loss' discussion of the effect of SEC stop orders upon subsequent private litigation. See 3 Loss 1735 et seq. and cases therein cited.

Accordingly, the motion for summary judgment must be and is denied. Nothing contained in this memorandum, however, should be construed in prejudice of plaintiff's right to offer into evidence, subject to ruling by the trial judge, the SEC findings of March 21, 1962.

It is so ordered.